IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JWAUN KEY'A SHARPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:18-CV-803-WKW |
| | ) |
| OFFICER WALDREP, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jwaun Key'A Sharpe, an indigent inmate, challenging the amount of force used against him on April 19, 2018 at the Chambers County Jail. On January 2, 2019, the court received a document in which the plaintiff seeks to "drop [his] claim" presented in the complaint. Doc. 23 at 1. The court construes this document as a motion to dismiss this case.

Upon consideration of the plaintiff's motion to dismiss, the court concludes that (i) This motion is due to be granted; and (ii) This case is due to be dismissed without prejudice.

### II. DISCUSSION

Dismissal without prejudice at the insistence of the plaintiff pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is committed to the sound discretion of this court and, absent some plain legal prejudice to the defendants, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Company, Inc.*, 781

1

F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to a defendant, and/or the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967). After review of the pleadings filed by the parties, the court concludes that this case is due to be dismissed without prejudice on the motion of the plaintiff.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's motion to dismiss be GRANTED.

2.  This case be DISMISSED without prejudice.

3.  No costs be taxed.

It is further

ORDERED that on or before **January 22, 2019,** the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-

1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of January, 2019

                              /s/ Wallace Capel, Jr.
                      CHIEF UNITED STATES MAGISTRATE JUDGE